IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:21-CV-00146-GCM

| | |
|---|---|
| VICKIE CRISP,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by Plaintiff Vickie Crisp (ECF No. 14) and the Acting Commissioner of the Social Security Administration, Kilolo Kijakazi (ECF No. 19). Plaintiff filed a response to the Acting Commissioner's motion. *See* ECF No. 23. The matter is now ripe for disposition. For reasons explained in more detail below, the Court will deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the Commissioner.

**I.   BACKGROUND**

   **a.   Factual Background**

Vickie Crisp is a 53-year-old woman. A.R. 74.[1] Crisp applied for disability insurance benefits under Title II of the Social Security Act on September 26, 2019, alleging disability beginning on March 17, 2017.[2] Her application was denied initially and on reconsideration. A.R. 81, 94. Crisp sought and obtained a hearing. An administrative law judge (ALJ) convened a hearing by telephone on November 18, 2020. A.R. 16. The ALJ issued his decision on December 7, 2020,

---

[1] Citations to A.R.___ are to the Administrative Record, found at ECF No. 9.
[2] The application initially identified a start date of March 17, 2018, but the application was amended. *See* A.R. 16.

concluding that Crisp was not disabled within the meaning of the Social Security Act. A.R. 30. The ALJ found that Crisp had the severe impairments of spine disorder and peripheral neuropathy. A.R. 19. Nevertheless, the ALJ concluded that Crisp's functional limitations did not preclude her from performing competitive work. A.R. 21–30.

Crisp petitioned the Appeals Council for review. After the Appeals Council refused relief, she sought judicial review in this Court pursuant to 42 U.S.C. § 405(g). A.R. 5; ECF No. 1.

### b. The Five-Step Disability Process

The Social Security Administration utilizes a five-step process in determining whether a claimant is disabled within the meaning of the Social Security Act. First, the Commissioner determines whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i) (2022). Next, the Commissioner determines whether the claimant has an impairment that is severe, either alone or in combination. *See id.* § 404.1520(a)(4)(ii). At Step Three, the Commissioner considers whether those impairments are sufficiently severe to qualify automatically for disability under the so-called "Listings." *See id.* § 404.1520(a)(4)(iii). If not, the Commissioner determines the claimant's "residual functional capacity" (RFC), which is defined as "the most [the claimant] can still do despite [his or her] limitations." *Id*. § 404.1545. Using this RFC at Step Four, the Commissioner determines whether the claimant can still perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If not, the Commissioner considers at Step Five whether the claimant can perform other work. *Id*. § 404.1520(a)(4)(v).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d

1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

### III. DISCUSSION

Crisp raises two types of arguments on appeal. First, she argues that unconstitutional tenure protections in the Social Security Administration deprived Crisp of a valid administrative hearing. Second, Crisp argues that the ALJ improperly assigned an RFC. Neither argument has merit.

#### a. Unconstitutional Tenure

Citing *Seila Law v. CFPB* and an advisory opinion from the White House's Office of Legal Counsel, Crisp argues that the tenure protections enjoyed by the Commissioner of Social Security are unconstitutional.[3] *See* 140 S. Ct. 2183, 2192 (2020) (invalidating removal protections enjoyed by the Director of the Consumer Financial Protection Bureau); Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. ___, 2021 WL 2981542 (July 8, 2021). Crisp claims that this fact entitles her to a new hearing.

Assuming without deciding that the Commissioner's tenure protections are unconstitutional, there is simply no basis for a remand because Crisp lacks standing to challenge the tenure protection. In *Collins v. Yellen*, the Supreme Court explained that a plaintiff may only

---

[3] Plaintiff's counsel has made nearly-identical arguments in every Social Security case before the undersigned in approximately the last six months.

3

be entitled to relief if he or she shows that the complained-of removal restriction inflicted "compensable harm." *See* 141 S. Ct. 1761, 1788 & n.24 (2021). Citing *Collins*, Crisp argues that she was harmed because the denial of benefits by the ALJ inflicted a prototypical "pocketbook injury." ECF No. 23 at 3. The Court is singularly unconvinced. Crisp has shown no nexus between the complained-of tenure protection and the denial of her benefits, and absent that nexus, she lacks standing to bring her constitutional challenge. *See Helms v. Comm'r of Soc. Sec.*, 3:20-cv-589-MOC, 2021 WL 5710096, at *2–3 (W.D.N.C. Dec. 1, 2021) (Cogburn, J.).

The breadth of the remedy that Crisp seeks is astounding. To date, no federal court appears to have accepted the rash invitation to upend the workings of the "largest adjudicative agency in the western world" on such thin premises. *See Barnhart v. Thomas*, 540 U.S. 20, 28–29 (2003) (citing *Heckner v. Campbell*, 461 U.S. 458, 461 n.2 (1983)). The Court will certainly not be the first.

### b. Improper RFC

Crisp also assails the RFC formulated by the ALJ on three grounds, arguing that (1) the ALJ improperly evaluated the opinion of a treating physician; (2) the ALJ made factual errors in assigning the RFC; and (3) the ALJ failed to account for her depression, anxiety, or chronic pain in the RFC. Each of these arguments is unavailing.

First, Crisp says that the ALJ wrongly disregarded a medical opinion from one Dr. Chona Reguyal. Crisp argues that because Reguyal's opinion corroborated her claims of worsening chronic pain, the ALJ erred in failing to contact the doctor for clarification or ordering a consultative examination. The Commissioner responds that the ALJ adequately explained his decision to deem Reguyal's note unpersuasive. The Court agrees with the Commissioner.

For claims filed on or after March 27, 2017, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions . . . including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must independently consider five factors: (1) supportability; (2) consistency; (3) the relationship between the claimant and the medical source; (4) specialization; and (5) other factors. *Id*. § 404.1520c(c). The ALJ must also affirmatively explain his or her consideration of the two most important factors: supportability and consistency. *See id*. § (b)(2).

Here, the ALJ appropriately considered the opinion according to the regulation. He clearly articulated his interpretation of the supportability and consistency factors. Starting with supportability, the ALJ noted that Dr. Reguyal's opinion cited no specific functional limitations, and merely regurgitated the claimant's recitation of symptoms and limitations.[4] *See* A.R. 27. The ALJ explained why he thought Reguyal's opinion was inconsistent with the other medical evidence of record. Finally, the ALJ considered the specialization and relationship factors, noting that Dr. Reguyal was a family practitioner who had treated Crisp since 2010. Because the ALJ applied the correct standard and supported his consideration of Dr. Reguyal's opinion with substantial evidence, the Court will not disturb his findings.

The Court also rejects Crisp's suggestion that the ALJ was required to supplement the record by contacting Dr. Reguyal or ordering a consultative examination. Although an ALJ has an obligation to develop an incomplete record, "[t]he regulations require only that the medical evidence be 'complete' enough to make a determination regarding the nature and severity of the claimed disability, and the claimant's residual functional capacity." *Kersey v. Astrue*, 614 F. Supp.

---

[4] In discussing the supportability of Dr. Reguyal's opinion, the ALJ erroneously wrote that Crisp had not seen the doctor since 2018. In fact, Crisp had seen Dr. Reguyal as recently as September 2020. However, the Court agrees with the Commissioner that this error was harmless.

5

2d 679, 693–94 (W.D. Va. 2009) (citation omitted). The record in this case was sufficiently developed for the ALJ to make the requisite determination.

Crisp next argues that the ALJ made "several errors leading to an incomplete and unsupported RFC." ECF No. 16 at 21. Crisp takes issue with the ALJ's handling of her peripheral neuropathy, claims that the ALJ wrongly characterized her medical treatment as conservative, and wrongly noted that Crisp had not consulted a pain management specialist. The Court agrees with the Commissioner that Crisp's one-sentence peripheral neuropathy argument is undeveloped and therefore waived. *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument . . . by failing to develop its argument—even if its brief takes a passing shot at the issue.") (cleaned up).

As for the ALJ's characterization of Crisp's treatment and his erroneous omission of a single record from the PRDH Pain Management Center, Crisp has not satisfactorily shown that any error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (explaining that the burden of showing harmful error "normally falls upon the party attacking the agency's determination."). Although the ALJ made minor errors, the hearing opinion is, on the whole, comprehensive and well-reasoned, and "[n]o principle of administrative law or common sense requires [a court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).

In her final tilt at the RFC, Crisp charges that the ALJ failed to include mental limitations related to depression, anxiety, and chronic pain. By way of support, she cites *Ashcraft v. Colvin*, 3:14-cv-00417, 2015 U.S. Dist. LEXIS 170251 (W.D.N.C. Dec. 15, 2015). The Court agrees with the Commissioner that that case is readily distinguishable. In *Ashcraft*, an ALJ deemed depression

6

to be a "mild limitation" without conducting the requisite assessment of the "paragraph B" criteria. *See id*. at *28–29. Here, by contrast, the ALJ did conduct the requisite analysis before concluding that Plaintiff had "no more than minimal limitation" in her ability to perform basic mental work activities. Further review of the record amply satisfies the Court that the ALJ's decision not to include mental limitations in the RFC was backed by substantial evidence.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: August 29, 2022

Graham C. Mullen
United States District Judge